UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**ALICE GAIL DAY,**

    **Plaintiff,**

    **v.**
                                           **Civil Action 2:14-cv-586**
                                              **Judge Frost**
                                              **Magistrate Judge King**

**DANE GASCHEN,**

    **Defendant.**


## ORDER and REPORT AND RECOMMENDATION

Plaintiff Alice Day, who is proceeding without the assistance of counsel, brings this employment discrimination action against Dane Gaschen, identified as the attorney for Southwestern City Schools ("SWCS"). Plaintiff's request to proceed *in forma pauperis,* ECF 1, is **GRANTED**. All judicial officers who render services in this action shall do so as if the costs had been prepaid. *See* 28 U.S.C. § 1915(a). However, having performed the initial screen of the *Complaint* required by 28 U.S.C. § 1915(e)(2), the Court **RECOMMENDS** that the *Complaint* be dismissed.

**I.**

Under 28 U.S.C. § 1915(e), a court must dismiss an action filed without prepayment of fees or costs if, *inter alia*, the action is frivolous or malicious or fails to state a claim on which relief may be granted. §1915(e)(2)(B)(i), (ii). In order to state a claim upon which relief may be granted, a complaint must contain a "short and plain statement of the claim showing that the pleader is entitled to relief." Fed. R. Civ. P. 8(a)(2). Thus, Rule 8(a) "imposes legal and factual

demands on the authors of complaints." *16630 Southfield Ltd., P'Ship v. Flagstar Bank, F.S.B.*, 727 F.3d 502, 503 (6th Cir. 2013). Although a pleading need not provide"'detailed factual allegations,' . . . [a] pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action,'" is insufficient. *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) (quoting *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). A complaint will not "suffice if it tenders 'naked assertion[s]' devoid of 'further factual enhancement.'" *Id*. (quoting *Twombly*, 550 U.S. at 557). "[A] complaint must contain sufficient factual matter . . . to 'state a claim to relief that is plausible on its face.'" *Id*. (quoting *Twombly*, 550 U.S. at 570). Facial plausibility is established "when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id*. "The plausibility of an inference depends on a host of considerations, including common sense and the strength of competing explanations for the defendant's conduct." *Flagstar Bank,* 727 F.3d at 504 (citations omitted). Further, a court holds *pro se* complaints "'to less stringent standards than formal pleadings drafted by lawyers.'" *Garrett v. Belmont Cnty. Sheriff's Dep't.*, No. 08-3978, 2010 WL 1252923, at *2 (6th Cir. April 1, 2010) (quoting *Haines v. Kerner*, 404 U.S. 519, 520 (1972)).

## II.

Plaintiff's allegations in the *Complaint* are as follows:

> Applied for various positions with SWCS over 10 years, specifically substitute teachers[.] Was always denied, even though had better credentials. Was given excuses everytime! People are usually put on sub list as a matter of course.
>
> I looked through records[.] Records reveal a lot of questions about hiring practices. People had criminal records, etc.

\*   \*   \*

2

Plaintiff is bringing this action to Federal Court because she has been denied employment over a course of ten years with above employer, this includes any position. She has watched people that are less qualified get positions, and as well as people with criminal records get jobs.

The plaintiff Alice Day is alleging that she is a victim of disability, age, sex, and race discrimination. She is alleging that she is not getting the legal protection of the 14th Amendment under the United States Constitution.

She is asking for a job and 1.5 million dollars in damages.

*Complaint,* ECF No. 1-2, PAGEID # 7-9.

### III.

It appears that plaintiff seeks to assert claims under the Americans with Disabilities Act ("ADA") and Title VII of the Civil Rights Act of 1964 ("Title VII"). The ADA prohibits employers from discriminating "against a qualified individual on the basis of disability in regard to job application procedures [or] hiring." 42 U.S.C. § 12112(a). An individual is "disabled" under the ADA if he or she has "(A) a physical or mental impairment that substantially limits one or more of the major life activities . . .; (B) a record of such an impairment; or (C) [is] regarded as having such an impairment." 42 U.S.C. § 12102(1).Title VII prohibits an employer from failing or refusing to hire individuals "because of such individual's race, color, religion, sex, or national origin . . . ." 42 U.S.C. § 2000e–2(a)(1).

Plaintiff fails to allege any facts from which this Court could "draw the reasonable inference," *see Iqbal*, 556 U.S. at 678, that defendant is liable for violating either the ADA or Title VII. Indeed, plaintiff offers no factual support whatsoever for her conclusory legal assertions. *See Sam Han v. Univ. of Dayton*, 541 F. App'x 622, 627 (6th Cir. 2013) (upholding trial court's dismissal of employment discrimination pursuant to Rule 12(b)(6) where the plaintiff had failed to "plausibly show that the . . . adverse employment decision . . was a result

3

of discrimination based upon his race or his gender," explaining that the "Court is not required to accept the inferences drawn by [the] [p]laintiff"). For example, the *Complaint* fails to allege that plaintiff was even minimally qualified for the substitute teacher position for which she applied, fails to identify any relevant dates or the ages, genders, and races of the decisionmaker or comparators, and fails to allege facts from which this Court could infer that plaintiff is disabled within the meaning of the ADA. *Cf. Esparza v. Pierre Foods*, 923 F.Supp.2d 1099, 1105 (S.D. Ohio 2013) ("That said, the interpretive guidelines for the federal regulations do envision some threshold consideration of whether a person's medical condition, as alleged, plausibly states a 'disability.'" (citing 29 C.F.R. § 1630.2(j)(1)(iv)).

It is therefore **RECOMMENDED** that the *Complaint* be dismissed pursuant to 28 U.S.C. §1915(e)(2)(B)(ii) for failure to state a claim upon which relief can be granted.

## PROCEDURE ON OBJECTIONS

If any party seeks review by the District Judge of this Report and Recommendation, that party may within fourteen (14) days, file and serve on all parties objections to the Report and Recommendation, and the part in question, as well as the basis for objections. 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b). Response to objections must be filed within fourteen (14) days after being served with a copy. Fed. R. Civ. P. 72(b).

The parties are specifically advised that the failure to object to the Report and Recommendation will result in a waiver of the right to *de novo* review by the District Judge and waiver of the right to appeal the judgment of the District Court. *See*, *e.g.*, *Pfahler v. Nat'l Latex Prod. Co.*, 517 F.3d 816, 829 (6th Cir. 2007) (holding that "failure to object to the magistrate judge's recommendations constituted a waiver of [the defendant's] ability to appeal the district court's ruling"); *United States v. Sullivan*, 431 F.3d 976, 984 (6th Cir. 2005) (holding that

defendant waived appeal of district court's denial of pretrial motion by failing to timely object to magistrate judge's report and recommendation). Even when timely objections are filed, appellate review of issues not raised in those objections is waived. *Robert v. Tesson*, 507 F.3d 981, 994 (6th Cir. 2007) ("[A] general objections to a magistrate judge's report, which fails to specify the issues of contention, does not suffice to preserve an issue for appeal . . . .") (citation omitted)).

Date: June 18, 2014                                     *s/ Norah McCann King*
                                                                   Norah McCann King
                                                                   United States Magistrate Judge